JOHN HERON *vs*. FRANK T. YORK.

Androscoggin.     Opinion March 4, 1931.

*Frank A. Morey*, for plaintiff.
*Waterhouse, Titcomb & Siddall*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

BARNES, J.     Defendant is a resident of Freeport and a dealer in antique furniture.

Plaintiff, a resident of Lewiston, described to defendant an old bureau in the town of Monmouth, and defendant was interested as a prospective buyer.

Plaintiff declares on two counts, the first in assumpsit, wherein he sets out a verbal agreement, by the terms of which he alleges he bound himself to assist the defendant in selling the bureau, and defendant, on his part, promised to give to plaintiff when sale by defendant was effected the sum of three hundred dollars. The second is the usual omnibus count with specifications limiting the right to recover, to such, if any, as the preceding count would justify.

At the close of the evidence counsel moved for and secured a directed verdict for defendant, and plaintiff brings the case up on exceptions to the judge's ruling.

The parties to the suit went together to the house of the owner of the bureau where defendant attempted to purchase it, and plaintiff tried to assist him, but purchase was not made.

Later, defendant described the bureau to a Boston dealer in antiques, and at a subsequent date was engaged by the dealer to take the bureau and transport it to the dealer.

There is uncontradicted evidence that the owner sold the bureau to the Boston dealer and received his check in payment therefor.

There is total lack of of evidence that plaintiff assisted defendant in selling the bureau, or that defendant ever sold it.

Having shown no performance of the contract declared upon, plaintiff could not recover. *Dufour* v. *Stebbins*, 128 Me., 133.

The ruling of the Court was inevitable, and right.

*Exceptions overruled.*